

UNITED STATES DISTRICT COURT FOR
~~[redacted]~~ MIDDLE
DISTRICT OF LOUISIANNA

ERNEST DRAPER, ET. AL.
  PLAINTIFF'S

  V

UNITED STATES, ET. AL.

  DEFENDANTS

CIVIL CASE
  NO _____

RECEIVED
NOV 26 2018
U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
DEPUTY CLERK

MOTION TO FILE CIVIL RIGHTS COMPLAINT UNDER

42 U.S.C. § 1983, CLASS ACTION FOR

OKLAHOMA (9)

COMES NOW PLAINTIFF'S AND PRAYS THIS COURT. WE ASK
THIS COURT TO HEAR THIS CASE IN LOUISIANNA AND NOT FORWARD
IT TO THE WESTERN DISTRICT OF OKLAHOMA. THE OKLAHOMA 9
REQUEST OF THE COURT A FORUM SELECTION CLAUSE, AND MAKE
A MOTION TO TRANSFER THIS CASE FROM THE WESTERN DISTRICT
OF OKLAHOMA UNDER 28 U.S.C. § 1404(A). WE WILL SHOW
THE MANY REASONS WHY THROUGHOUT OUR BRIEF.

1

ARTICLE III OF THE UNITED STATES CONSTITUTION PERMITS FEDERAL COURTS TO HEAR SUCH CASES, SO LONG AS THE UNITED STATES CONGRESS PASSES A STATUTE TO THAT EFFECT.

THE STATUTE IS NOW FOUND AT 28 U.S.C. § 1331," THE DISTRICT COURTS SHALL HAVE ORIGINAL JURISDICTION OF ALL CIVIL ACTIONS ARISING UNDER THE CONSTITUTION, LAWS, OR TREATIES OF THE UNITED STATES."

SEE, ATLANTIC MARIENE CONSTRUCTION COMPANY V. UNITED STATES DISTRICT COURT 571 U.S. (2013).

I JURISDICTION & VENUE

THIS CIVIL ACTION IS AUTHORIZED BY 42 U.S.C. SECTION 1983 TO REDRESS THE DEPRIVATION, UNDER COLOR OF LAW, OF RIGHTS SECURED BY THE CONSTITUTION OF THE UNITED STATES. THIS COURT HAS JURISDICTION UNDER 28 U.S.C. SECTION 1331 AND 1343 (A) (3).

PLAINTIFF'S MOTION THE COURT TO SUMMONS DEFENDANTS IN ORDER TO ASSUME JURISDICTION OVER THEM CHOOSING THIS COURT TO HEAR OUR MOTION.

FEDERAL QUESTION JURISDICTION; IN U.S. LAW ITS THE SUBJECT MATTER JURISDICTION OF THE UNITED STATES FEDERAL COURTS TO HEAR A CIVIL CASE BECAUSE THE PLAINTIFF'S HAVE ALLEGED A VIOLATION OF THE UNITED STATES CONSTITUTION, FEDERAL LAW, OR A TREATY TO WHICH THE UNITED STATES IS A PARTY.

THEREFORE, A FEDERAL COURT CAN HEAR A FEDERAL QUESTION CASE EVEN IF NO MONEY IS SOUGHT BY THE PLAINTIFF'S.

CONGRESS PASSED THE MAJOR CRIMES ACT IN 1885. THE ACT PROVIDED THAT THE FEDERAL GOVERNMENT HAD EXCLUSIVE JURISDICTION WHEN THE CRIMES WERE COMMITTED IN INDIAN COUNTRY. IN 1886, THE ACT WAS UPHELD BY THE SUPREME COURT IN UNITED STATES V KAGAMA.

CIVIL RIGHTS REMOVAL (1964), REMOVAL OF A CASE FROM STATE TO FEDERAL COURT BECAUSE A PERSON HAS BEEN DENIED OR CANNOT ENFORCE A CIVIL RIGHT IN STATE COURT, SEE BROWN V STATE 2018 CIV-18-390-W; PART OF THE OKLAHOMA NINE AT THAT TIME, WHICH IS JUST ANOTHER REASON WE ARE ASKING THIS COURT TO HEAR OUR CASE, THE BIAS THAT IS RAMPANT THROUGHOUT ALL THE COURT SYSTEM WITHIN THE STATE OF OKLAHOMA, WE WILL SHOW MORE.

IN LONEWOLF V HITCHCOCK " IT IS THOROUGHLY ESTABLISHED THAT CONGRESS HAS PLENARY AUTHORITY OVER INDIANS.

ONE NEEDS LOOK NO FURTHER THAN STATE OF OKLAHOMA APPELANT V. BURNETT, SIMPSON, JACKSON APPELEES; 671 P. 2D 1165 1983 OK CR 153 NOS 5-83-3 NOV 7 1983,

THE STATE APPEALED AN ORDER FROM THE DISTRICT COURT, OSAGE COUNTY, WILLIAM J. WHISTLER, WHISTLER AFFIRMING AN ORDER OF A MAGISTRATE DISMISSING A PROSECUTION FOR FIRST DEGREE MURDER FOR WANT OF JURISDICTION. THE STATE OF OKLAHOMA COURT OF CRIMINAL APPEALS, J. CORNISH, HELD THE STATE DISTRICT COURT LACKED JURISDICTION WHERE THE CRIME OCCURRED AT RESIDENCE OF VICTIM ON RESTRICTED OSAGE INDIAN ALLOTMENT AND THUS OCCURRED IN INDIAN COUNTRY OUTSIDE THE JURISDICTION OF THE STATE COURT. 18 U.S.C.A. & 1151 (C).

3

ONE PROVISION OF THE A.E.D.P.A. LIMITS THE POWER

OF FEDERAL JUDGES TO GRANT RELIEF, UNLESS THE STATE COURT'S

ADJUDICATION OF THE CLAIM RESULTED IN A DECISION THAT WAS

CONTRARY TO, OR INVOLVED AN UNREASONABLE APPLICATION

OF CLEARLY ESTABLISHED FEDERAL LAW AS DETERMINED BY THE

UNITED STATES SUPREME COURT

SEE, BROWN V STATE JUNE 2018 CIV-18-390-W PLAINTIFF

WAS SENTENCED IN 1977, 19 YEARS BEFORE AEDPA CASE NO CF-1977-1397

AN YET WHEN WE FILED NO JURISDICTION FOR THE STATE IN INDIAN COUNTRY

THE ONLY RESPONSE WAS OUT OF TIME ONLY HAD ONE YEAR TO FIGHT

YOUR CASE,

SEE, PELICAN, UNITED STATES V PELICAN, SUPRA, 232

U.S. AT 449, 34 S. CT AT 399; IN PELICAN, THE SUPREME

COURT HELD THAT INDIAN TRUST ALLOTMENTS WERE INDIAN COUNTRY.

THE COURT REASONED THAT " THE ORIGINAL RESERVATION WAS INDIAN

COUNTRY SIMPLY BECAUSE IT HAD BEEN VALIDLY SET APART FOR THE

USE OF THE INDIANS AS SUCH, UNDER THE SUPER INTENDANCE OF

THE GOVERNMENT.

"INDIAN COUNTRY" FOR OUR PURPOSES, MEANS ALL INDIAN ALLOTMENTS,

THE INDIAN TITLES TO WHICH HAVE NOT BEEN EXTINGUISHED, INCLUDING

RIGHTS-OF-WAY RUNNING THROUGH THE SAME, 18 U.S.C. § 1151 (C)

(1976). THE DEFINITION OF INDIAN COUNTRY IN 1151 (C) IS BASED

ON THE HOLDING OF THE SUPREME COURT IN UNITED STATES V PELICAN,

232 U.S. 442, 34 S. CT. 396, 58 L. ED. 676 (1914), AND

OUTSIDE THE JURISDICTION OF THE DISTRICT COURT.

UNIVERSAL DECLARATION OF HUMAN RIGHTS; WHEREAS IT IS ESSENTIAL,

IF MAN IS NOT TO BE COMPELLED TO HAVE RECOURSE, AS A LAST RESORT,

TO REBELLION AGAINST TYRANNY AND OPPRESSION, THAT HUMAN RIGHTS

SHOULD BE PROTECTED BY THE RULE OF LAW.

4

THE ISSUE ON THIS RULE VI APPEAL IS WHETHER RESTRICTED OSAGE ALLOTMENT LAND IS INDIAN COUNTRY UNDER FEDERAL LAW, WE FIND THAT IT IS, AND AFFIRMS THE MAGISTRATE'S ORDER.

THE STATE OF OKLAHOMA HAS KNOWN THEY HAD NO JURISDICTION IN INDIAN COUNTRY SINCE STATEHOOD IN 1907, THEY WERE SHOWN AGAIN IN 1983. THE OKLAHOMA NINE ALL WERE ARRESTED IN INDIAN COUNTRY WHERE THE STATE OF OKLAHOMA LACKED JURISDICTION TO ARREST US.

EQUITY JURISDICTION, < THE COURT DECIDED THAT THE WRONG WAS EGREGIOUS ENOUGH TO IGNORE THE STATUE OF LIMITATIONS AND DECIDE THE CASE IN EQUITY >.

SEE, SOLEM V BARTLETT, 465 U.S. 463, (1984), SUPREME COURT CASE INVOLVING INDIAN COUNTRY JURISDICTION IN THE UNITED STATES, IN WHICH THE COURT DECIDED THAT OPENING UP RESERVATION LANDS FOR SETTLEMENT BY NON-INDIANS DOES NOT CONSTITUTE THE INTENT TO DIMINISH RESERVATION BOUNDARIES. THEREFORE, RESERVATION BOUNDARIES WOULD NOT BE DIMINISHED UNLESS SPECIFICALLY DETERMINED THROUGH LEGISLATION.

WORCESTER V GEORGIA, 31 U.S. 515 8 L.ED. 483 (1831)

THE OPINION IS MOST FAMOUS FOR ITS DICTA, WHICH LAID OUT THE RELATIONSHIP BETWEEN TRIBES AND THE STATE AND FEDERAL GOVERNMENTS, STATING THAT THE FEDERAL GOVERNMENT WAS THE SOLE AUTHORITY TO DEAL WITH INDIAN NATIONS.
WORCESTER'S CONVICTION IS VOID, BECAUSE STATES HAVE NO CRIMINAL JURISDICTION IN INDIAN COUNTRY, OKLAHOMA HAS NO JURISDICTION IN INDIAN COUNTRY AND YET HERE WE ARE BEING HELD AGAINST OUR WILL ILLEGALLY HOUSED IN A NON-FEDERAL FACILITY FALSE ARREST, INVALID PROSECUTION.

5

MISSISSIPPI BOAND OF CHOCTAW INDIANS V HOLYFIELD, THIS ADOPTION DECISION ALSO HAD AN EFFECT ON OTHER CIVIL ISSUES, SUCH AS TAXATION. IN TWO SUPREME COURT CASES FROM OKLAHOMA DEALING WITH STATE TAXATION OF INDIANS, THE COURT REFERRED TO ITS DECISION IN JOHN TO DECLARE TRUST LAND AS BEING IN INDIAN COUNTRY WHERE THE STATE HAD NO AUTHORITY TO TAX INDIANS. SEE "TAX CASE" 829 F. 2D 967 ICUSA & MUSCOGEE CREEK NATION V OKLAHOMA EX REL TAX COMMISSION, THE TENTH CIRCUIT CITED IN ITS RULING CLEARLY ESTABLISHED FEDERAL LAW, OKLAHOMA HAS NO JURISDICTION IN INDIAN COUNTRY AND AFFIRMS FOR MCN (1987), ONCE AGAIN DISREGARDED AND KNOWN BEFORE HAND BY THE STATE OF OKLAHOMA, CLEARLY ESTABLISHED FEDERAL LAW AND NO JURISDICTION BY THE STATE OF OKLAHOMA IN INDIAN COUNTRY, CERT. DENIED, 487 U.S. 1218 (1988).

SEE NOWABBI COURT 1989, OKLAHOMA COURT OF CRIMINAL APPEALS (OCCA), FINDS THE STATE OF OKLAHOMA HAD ERRED IN HOLDING OKLAHOMA HAD JURISDICTION TO PROSECUTE AN INDIAN DEFENDANT FOR A MURDER COMMITTED ON AN INDIAN ALLOTMENT, SEE KLINDT, 782 P.2D AT 404 [ "THERE IS AMPLE EVIDENCE TO INDICATE THAT THE NOWABBI COURT MISINTEPRETED THE STATUTES AND CASES UPON WHICH IT BASED ITS OPINION ... NOWABBI IS HEREBY OVERRULED ].

CONGRESS ALSO PROVIDED THAT BEGINNING IN 1898, THE UNITED STATES COURT'S WOULD HAVE " ORIGINAL AND EXCLUSIVE JURISDICTION" OVER BOTH CIVIL AND CRIMINAL CASES IN THE INDIAN TERRITORY 30 STAT. AT 83. THE LAWS OF THE UNITED STATES AND OF NEIGHBORING ARKANSAS, WHICH WERE ALREADY IN FORCE IN THE INDIAN TERRITORY, WOULD APPLY " TO ALL PERSONS THEREIN, IRRESPECTIVE OF RACE", Id

IN SUPPORT OF UNITED STATES V JOHN (1978), SUPREME COURT JUSTICE HARRY BLACKMUN DELIVERED THE OPINION OF A UNANIMOUS COURT. BLACKMUN OBSERVED THAT CONGRESS DECLARED THAT THE LANDS WERE HELD IN TRUST FOR THE MISSISSIPPI CHOCTAWS IN 1939, AND THAT THIS WAS FURTHER CLARIFIED IN 1944 WHEN THE LAND WAS DECLARED TO BE THEIR RESERVATION. THE INDIAN COMMERCE CLAUSE STILL GRANTED CONGRESS THE AUTHORITY TO DEAL WITH THEM. SINCE THE LAND IN QUESTION IS AN INDIAN RESERVATION, § 1153 APPLIES. THE FEDERAL GOVERNMENT HAS EXCLUSIVE JURISDICTION OVER THE CRIME IN QUESTION, AND THE STATE OF MISSISSIPPI IS WITHOUT JURISDICTION.

THIS IS EXACTLY WHAT HAS HAPPENED IN OKLAHOMA, AND OKLAHOMA HAS BEEN TOLD TIME AND TIME AGAIN THEY ARE WITHOUT JURISDICTION BY THE TENTH CIRCUIT AND BY THE OCCA STILL THEY CONTINUE TO ARREST AND CONVICT PEOPLE ACCUSED UNDER THE MAJOR CRIMES ACT OF 1885 MAKING THIS INDIAN COUNTRY AND EXCLUSIVELY UNDER JURISDICTION OF THE FEDERAL GOVERNMENT.

IN THE CASE OF JOHN, REVERSED AND REMANDED AS TO THE DECISION OF THE FIFTH CIRCUIT, AND REVERSED AS TO THE DECISION OF THE MISSISSIPPI SUPREME COURT. THE OKLAHOMA NINE NEED THIS COURT TO DO THE SAME FOR US IN OKLAHOMA, AS WE HAVE SHOWN THEY WILL NOT EVEN IF TOLD TO DO SO BY THEIR OWN APPELANT COURT.

WE REVISIT WORCESTER V GEORGIA (1832), THE SUPREME COURT REVERSED ITSELF, HOLDING THAT THE CHEROKEE WERE A SOVEREIGN NATION AND THUS THE SUPREME COURT DID NOT HAVE ORIGINAL JURISDICTION.

7

OKLAHOMA OWN STATE CONSTITUTION TELLS THEM THEY HAVE NO RIGHTS IN INDIAN COUNTRY. THE PEOPLE INHABITING THE STATE DO AGREE AND DECLARE THAT THEY FOREVER DISCLAIM ALL RIGHT AND TITLE IN OR TO ANY UNAPPROPRIATED/UNALLOCATED PUBLIC LANDS LYING WITHIN THE BORDERS/BOUNDARIES THEREOF, AND TO ALL LANDS LYING WITHIN SAID LIMITS OWNED OR HELD BY ANY INDIAN, TRIBE, OR NATION; AND THAT UNTIL THE TITLE TO ANY SUCH PUBLIC LAND SHALL HAVE BEEN EXTINGUISHED BY THE UNITED STATES, THE SAME SHALL BE AND REMAIN SUBJECT TO THE JURISDICTION, DISPOSAL, AND CONTROL OF THE UNITED STATES.

UNDER SOLEM V BARTLETT, WHEN BOTH THE ACT AND THE LEGISLATIVE HISTORY ARE UNSUCCESFUL IN PROVIDING PROOF THAT SUPPORTS THE IDEA OF DIMINSHMENT, THE COURT HOLDS THAT THE RESERVATION IS NOT DIMINISHED. ONLY CONGRESS HAS THE POWER TO DIMINISH RESERVATION BOUNDARIES. IN OKLAHOMA THE FIVE CIVILIZED TRIBES BORDERS REMAIN.

MAGNAN V STATE, 207 P. 3D. 397, 402 (OKLA CRIM APP 2009) CONSIDERING INDIAN COUNTRY, JURISDICTIONAL CHALLENGE AND EXPLAINING SUBJECT MATTER JURISDICTION MAY BE CHALLENGED AT ANY TIME.

SEE SEYMOUR V SUPERINTENDENT OF WASHINGTON STATE PENITENTIARY, 368 U.S. 351 (1962) THE SUPREME COURT RULES AGAINST THE STATE OF WASHINGTON, FINDING THEY HAVE NO JURISDICTION IN INDIAN COUNTRY, AND WITHIN INDIAN COUNTRY, ONLY THE FEDERAL GOVERNMENT HAS JURISDICTION OVER CRIMES COMMITTED BY INDIANS.

RULING FOR THE INDIAN PETITIONER, THE SUPREME COURT SAID CONGRESS'S DEFINITION OF "INDIAN COUNTRY" IN §1151(a) "SQUARELY PUT TO REST" THIS ARGUMENT.

THE SUPREME COURT SAID IT SQUARELY PUT THE BATTLE OF INDIAN COUNTRY, RES JUDICATA OR CLAIM PRECLUSION, THE MATTER CANNOT BE RAISED AGAIN.

SEE, UNITED STATES V LARA; THE OPINION OF JUSTICE THOMAS WAS ESPECIALLY TELLING IN THIS, AS THOMAS HAD OPINED THAT PLENARY POWER AND TRIBAL SOVEREIGNTY WERE MUTUALLY EXCLUSIVE.

THOMAS FURTHER STATED, " FEDERAL INDIAN POLICY, IS, TO SAY THE LEAST, SCHIZOPHRENIC" THOMA'S STATEMENTS DIRECTLY ADDRESS THE SUPREME COURT'S CONFUSION ON BOTH PRESENT AND FUTURE FEDERAL INDIAN POLICY. AS JUSTICE SOUTER STATED IN HIS DISSENT, THIS REMAINS AN AREA PECULIARILY SUSCEPTIBLE TO CONFUSION.

WE REQUEST OF THIS COURT A RE-HEARING EN BANC AS FOR CLERK WILLIAM W BLEVINS 500 POYDRAS STREET NEW ORLEANS, LA. 70130 THE DEPUTY CLERK ON AUG 9, 2018 FOR THE EASTERN DISTRICT OF LOUISIANNA RETURNED OUR BRIEF SAYING WE HAD NO CASE WITHIN THE DISTRICT COURT, AND GOT IT WRONG- UNDER 28 U.S.C. § 1331. WE HAVE VENUE AND JURISDICTION AND WE ARE IN THE HEART OF INDIAN COUNTRY BEING HELD IN A STATE FACILITY INSTEAD OF BEING HEARD IN FEDERAL COURT AND SENTENCED BY A FEDERAL JUDGE.

WE THE OKLAHOMA NINE STATE A CIVIL RIGHTS VIOLATION ENACTED ON US ALL BY THE STATE OF OKLAHOMA WHOM LACKED JURISDICTION AND KNEW IT AND ALLOWED BY THE FEDERAL GOVERNMENT WHO HAS SIMPLY LOOKED THE OTHER WAY FOR 111 YEARS OF OKLAHOMA STATEHOOD.

SEE UNITED STATES V PRENTISS, 256 F.3D 971 (10TH CIR. 2001) (EN BANC), THE INDIAN) NON-INDIAN STATUS OF THE VICTIM MUST BE ALLEGED IN THE INDICTMENT AND PROVED AT TRIAL. THIS OF COURSE DID NOT HAPPEN TO ANY OF THE 9 OKLAHOMA NINE.

UNDER THE MAJOR CRIMES ACT, WHERE THE INDIAN STATUS OF THE DEFENDANT ALWAYS MUST BE PLEADED AND PROVED AS AN ELEMENT OF THE CRIME.

JURISDICTION IS SUFFICIENT UNDER THE MAJOR CRIMES ACT, IF ANY PART OF THE OFFENSE TOOK PLACE IN INDIAN COUNTRY. UNITED STATES V. VAN CHASE 137 F. 3D 579 (8TH CIR. 1998). ALL NINE OF THE OKLAHOMA INMATES FALL UNDER THE VAN CHASE RULING AS ALL CRIMES TOOK PLACE IN INDIAN COUNTRY U.S.A.

THE UNITED STATES CONSTITUTION GUARANTEES PRISONERS THE RIGHT OF MEANINGFUL ACCESS TO THE COURTS. PRISONERS RIGHT OF MEANINGFUL ACCESS CANNOT BE DENIED OR OBSTRUCTED; SEE, JACKSON V JAMROG, 411 F. 3D. 615, 621 (6TH CIR. 2005) BENJAMIN V FRASER, 264 F. 3D. 175, 184 (2ND CIR. 2001) BOUNDS V SMITH, 430 U.S. 817, 821, 828 (1977) MARSHALL V KNIGHT, 445 F. 3D 965, 968-969 (7TH CIR. 2006), WHEN PRISON OFFICIALS DENIED PRISONER ACCESS TO LAW LIBRARY.

NOW THE WARDEN AT JOSEPH HARP CORRECTIONAL CENTER THIS WEEK PULLED UP AN INMATE THREATENED HIM SEVERAL TIMES IN FRONT OF A DOZEN OR SO WITNESSES SHREDDED ALL HIS LEGAL WORK AND FORBID HIM TO SEND OUT OR RECIEVE ANYMORE LEGAL MAIL OR HE WOULD BE IMMEDIATELY LOCKED UP. THIS IS NOT A GAME IN OKLAHOMA WE ARE IN DANGER AND NEED YOUR HELP.

DAVIDSON V SCULLY, A CONSTITUTIONAL RIGHT TO MEANINGFUL ACCESS TO THE COURTS; WHICH WE OF COURSE WILL NOT EVER GET WITHIN THE STATE OF OKLAHOMA OBVIOUSLY.

THIS LAST WEEK THE LAW SUPERVISOR SIGNED FOR AN INMATE PERSONAL MAIL AND TOLD THE DIRECTOR OF DOC SHE DIDN'T SEE THE MAIL. THEY ARE INVESTIGATING THE SIGNATURE CARD NOW.

LAST WEEK THIS SAME SUPERVISOR WOULD NOT GIVE ME TWO METERED STAMPED ENVELOPES FROM CALIFORNIA DISTRICT COURT. PLEASE HELP US WE ARE IN DANGER.

10

1) PLAINTIFF ERNEST DRAPER, IS AND WAS AT TIMES MENTIONED HEREIN A PRISONER OF THE STATE OF OKLAHOMA IN THE CUSTODY OF THE DEPT OF CORRECTIONS, CURRENTLY CONFINED AT JOSEPH HARP CORRECTIONAL CENTER IN LEXINGTON, OK. 73051 B1-111 97612

2) DEFENDANT UNITED STATES GOVERERNMENT, STATE OF OKLAHOMA, GOUERNOR STATE OF OKLAHOMA, BUREAU OF INDIAN AFFAIRS, BUREAU OF PRISONS, OKLAHOMA ATTORNEY GENERAL, FEDERAL ATTORNEY GENERAL, OFFICIAL CAPACITY AND UNOFFICIAL CAPACITY

3) AT ALL TIMES MENTIONED IN THIS COMPLAINT EACH DEFENDANT ACTED UNDER COLOR OF STATE AND FEDERAL LAW

4) PLAINTIFF DID NOT USE PRISONER GRIEVANCE PROCEDURE AVAILABLE BECAUSE THIS CASE IS A FEDERAL ISSUE NOT A STATE ISSUE WE SHOULD NOT BE HOUSED IN A STATE RAN FACILITY

5) PLAINTIFF'S CIVIL RIGHTS WERE VIOLATED BY FIRST AMENDMENT SIXTH AMENDMENT SIXWTH AMENDMENT FOURTEENTH AMENDMENT VIOLATION OF THE U.S. CONSTITUTION

6) PLAINTIFF'S HAVE NO PLAIN, ADEQUATE OR COMPLETE REMEDY AT LAW TO REDRESS WRONGS DESCRIBED HEREIN. PLAINTIFF'S HAVE BEEN AND WILL BE IRREPARABLE INJURED BY THE CONDUCTS OF THE DEFENDANTS UNLESS THIS COURT GRANTS DECLARATORY AND INJUNCTIVE RELIEF WHICH PLAINTIFF'S SEEKS.

B) PRAYER FOR RELIEF
WHEREFORE, PLAINTIFF'S RESPECTFULLY PRAYS THAT THIS COURT ENTER JUDGMENT GRANTING PLAINTIFF'S :

7) A DECLARATION THAT THE ACTS AND OMISSIONS DESCRIBED HEREIN VIOLATED PLAINTIFF'S RIGHTS UNDER THE CONSTITUTION AND LAWS OF THE UNITED STATES.

8) A PRELIMENARY AND PERMANENT INJUNCTION AGAINST THE STATE OF OLLAHOMA FROM ARREST AND CONVICTING ANY ONE ELSE ACCUSSED OF A MAJOR ACT CRIME FROM SENTENCING IN A STATE COURT ANY WHERE IN THE STATE OF INDIAN COUNTRY

9) COMPENSATORY DAMAGES IN THE AMOUNT AGAINST EACH AND EVERY DEFENDANT $33,179 00

10) PUNITIVE DAMAGES IN THE AMOUNT AGAINST EACH AND EVERY DEFENDANT $421,964 00

11) A JURY TRIAL ON ALL ISSUES TRIABLE BY JURY

12) PLAINTIFF'S TOTAL COSTS IN THIS SUIT

13) DRIVERS LICENSE REINSTATED

14) PASSPORTS FOR ALL PLAINTIFFS

15) COMPLETE AND TOTAL IMMUNITY FROM FURTHER PROSECUTION

MARK SCHEMM        DANNY ARMSTRONG
ERNEST MONCADA     DAVE MORGAN
KENNETH JOHNSON    CLEVE BILLINGS
LUTHER BARNETT     ERNEST DRAPER 97612
ERIC LUCAS

16) ANY ADDITIONAL RELIEF THIS COURT DEEMS JUST, PROPER AND EQUITABLE

DATED 11/18/18   RESPECTFULLY SUBMITTED BY ERNEST DRAPER ET. AL OKLA NINE CLASS ACTION LAWSUIT

I HAVE READ THE FOREGOING COMPLAINT AND HEREBY VERIFY THAT THE MATTERS ALLEGED THEREIN ARE TRUE.    11